*Co.*, 237 Ill. 278, 280; *First Nat. Bank of El Paso v. Miller*, 235 Ill. 135, 139.

For the reasons herein stated, the judgment of the Circuit Court is reversed and the cause remanded for a new trial on the assumpsit issues only.

*Judgment reversed and cause remanded.*

---

**D. C. Booth, Appellee, v. Fred C. Bell et al., Appellants.**

**Gen. No. 20,919. (Not to be reported in full.)**

Appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed April 28, 1916.

### Statement of the Case.

Action by D. C. Booth, plaintiff, against Fred C. Bell, T. W. Magill, G. B. Bell and Averill Tilden, trading as H. O. Stone & Company, defendants. The case was tried before the court without a jury on an agreed statement of facts, the court finding the issues for plaintiff, and assessed his damages at the sum of $1,100, overruled motion of defendants for a new trial and arrest of judgment, and rendered judgment on the finding. From this judgment, defendants appeal.

The evidence showed that plaintiff, residing in South Dakota, was the owner of a flat building in Chicago, subject to an incumbrance of $1,100, which became due and payable on May 1, 1914. The defendants received a letter from plaintiff bearing date of September 6, 1913, requesting them to find a purchaser for said property and to inform him how much they could probably sell the equity for, and what their commissions

would be; that there was a mortgage of $1,100 on the property with interest at six per cent.; that he would rather sell the equity for cash than to continue renting. Plaintiff also in such letter asked defendants to obtain tenants for and manage said property for plaintiff. Defendants replied thereto, consenting to act as his agents and manage said property and added the following:

"In regard to the sale of the property, our Mr. Johnson will write you   *   *   *   as soon as he looks at the property."

On September 27, 1913, plaintiff called at the office of defendants in Chicago and upon inquiry was then informed by Johnson, one of the defendants' employees, that in his opinion plaintiff's property was worth $3,500. On November 25, 1913, defendants received a letter from plaintiff as follows:

"Will you kindly advise me if there is any prospect for sale of the four flat building at 3124 Clybourn Avenue within a few weeks. I accepted the valuation placed upon it by your Mr. Johnson with the expectation of a quick sale and if possible to do so I would be pleased to make a sale soon."

Defendants replied to said letter assuring plaintiff that they would do everything possible to sell plaintiff's property. On or about February 1, 1914, a certain Himmelfarb offered defendants $2,500 for a good title, free and clear of all incumbrances, for the real estate in question, and to pay defendants commissions for making said sale. On February 3, 1914, plaintiff received from defendants the following telegram:

"Can get twenty-five hundred dollars net cash for Clybourn Avenue property.  Wire."

On February 4, 1914, defendants received the following telegram from plaintiff.

"Will accept twenty-five hundred dollars net cash for Clybourn Avenue property."

Upon receipt of the last mentioned telegram, defendants proceeded to make sale upon the terms of Himmel-

farb's offer, and plaintiff, thereupon, received the following letter from defendants, dated February 10, 1914:

"We have closed contract of sale on your property at 3124 Clybourn Avenue at a price of $2,500.00 net to you, as per our telegram.

"This, of course, is made with the understanding you will pay for a continuation of abstract down to date showing good title and you will also have to pay the taxes for last year, which of course are gone by."

Plaintiff also received from defendants the statutory form of warranty deed, which recited a consideration of $10 and other good and valuable consideration, the terms of which deed conveyed and warranted to Himmelfarb the real estate in question, subject to a trust deed due May 1, 1914, and all taxes and special assessments levied for the year 1913, which deed was duly signed and acknowledged by plaintiff and his wife, returned to defendants and filed for record in Cook county, Illinois, on March 7, 1914.

The defendants deducted from the proceeds of the sale $1,121.10, the amount of the indebtedness secured by trust deed on said property, together with other charges. Plaintiff received from defendants a letter dated March 9, 1914, as follows:

"Enclosed you will find our check for $1,288.12, together with statement showing the figures in the closing of the sale of your property at 3124 Clybourn Avenue."

Upon receipt of such letter, plaintiff sent defendants the following telegram:

"Letter and check received entirely unsatisfactory. Wired my lawyers to begin immediate action in case you refuse to comply with your written and telegraphic offer. Check returned."

On April 1, 1914, the parties hereto stipulated that said check had been tendered and the tender refused, and that plaintiff might use and cash same without prejudice.

P. H. BISHOP, for appellants.

ELA, GROVER & MARCH, for appellee; FRANK R. GROVER, of counsel.

MR. JUSTICE McGOORTY delivered the opinion of the court.

### Abstract of the Decision.

CONTRACTS, § 224*—*how the term "net cash" construed.* Where the owner of incumbered property advises a broker that he will take a certain amount "net cash" for the property and the broker informs him that he has a purchaser who will give a certain amount "net cash" therefor which offer the owner accepts, the term is to be construed as meaning that the owner is to receive the amount named clear of anything extraneous, with all deductions made, and the broker cannot deduct from the amount paid the amount of the incumbrance.

---

### Earl H. Macoy, Appellee, v. James D. Barton, Appellant.

### Gen. No. 20,982.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JOHN K. PRINDIVILLE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed April 28, 1916. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by Earl H. Macoy, plaintiff, against James D. Barton, defendant, to recover a balance alleged to be due plaintiff on defendant's promissory note for $2,000. A writ of attachment issued in connection with said suit was served on the American Amusement Association, who filed its answer admitting it had become indebted to defendant in the sum of $644.24. The

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.